STATE OF MAINE

KENNEBEC, ss.

RECEIVED AND FILED
KENNEBEC SUPERIOR COURT

JUL 20 2001

NANCY DESJARDIN
CLERK OF COURTS

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. FM-00-03
DFM - KEN - 7/20/2001

CHARLES E. BAXTER,

Plaintiff

v.

DECISION AND ORDER

KIM LEADBETTER,

Defendant

This matter is before the court after bench trial, both parties present and represented by counsel. The parties are the parents of Alexis Baxter, born August 1, 1990. The parties have never been married to each other. They come before the court to obtain a determination of parental rights and responsibilities, primary residence, and related financial matters attendant thereto.[1]

Plaintiff is a practicing chiropractor in Athol, Massachusetts, having commenced the practice of chiropractic in 1999. Defendant is a MRI technician working two jobs totaling approximately 40 to 45 hours a week. The child is now living with defendant in Winslow, Maine. There appears to be little disagreement that the child would continue to live with her mother in Winslow but with disputed visitation terms with the plaintiff. While the defendant's income is stable and not subject to substantial dispute, the nature of the plaintiff's income has been

---

[1] The complaint was brought for a determination of paternity but that matter is not in dispute and each party accepts his and her responsibility as biological parent of the child.

1

disputed because he is self-employed and is still in the process of developing his practice. Under the best of conditions, travel time between Winslow, Maine, and Athol, Massachusetts, is approximately four hours. Plaintiff has been making payments to defendant in the nature of support to the Maine Department of Human Services. In addition, he has made contributions toward orthodontal work for the benefit of the child who, apparently, has a congenital dental condition needing orthodontal improvement. Plaintiff seeks equity in addressing the distance between the parties for purposes of visitation. Defendant asserts transportation problems based upon limited capacity to her vehicle, personal health problems, and desires of the child to avoid interruption with her childhood activities and experiences. There has been considerable adversarial activity between the parties based upon the inability or unwillingness of plaintiff to provide complete financial information.[2] It appears clear that the parties have great difficulty communicating and agreeing on terms for the division of responsibilities with respect to the child. While there was no direct testimony of the effect on the child, the court takes judicial notice that such continuous disagreements will most likely have an effect on the child. In that regard, the parties do agree that the child should have the benefit of a "neutral counselor."

While both parties present evidence and argue in favor of the particular limitations and burdens placed upon them in order to accommodate the desires of

---

[2] This court is not concerned with the motivation of plaintiff as to his financial records. It is satisfied that he has now provided the court appropriate information for its determination at this time.

the other party with respect to the child and, accordingly, suggest proposals that are in the best interest of themselves, this court looks to 19-A M.R.S.A. § 1653(3) in consideration of those standards that are in the best interest of the child, including the safety and well being of the child. The child is almost 11 years old. While Alexis appears to have a good relationship with each parent, there is evidence that she is affected by her being removed from her friends and activities to visit with her father at his residence. This has been expressed as hearsay in the preference of the child. There is no evidence that the child's current living arrangements are deficient nor any accusation of such conditions. She apparently has lived with her mother since the defendant moved back to Maine from Iowa, while plaintiff was attending graduate school for chiropractic. The distance between the parties provides a serious challenge to the stability of the child's living arrangements. There is no evidence that either party is improperly motivated nor lack in any capacity to give the child love, affection, and guidance. However, in that regard, there is a substantial disagreement between the parties as to appropriate medical care. The child appears to be adjusted and happy in her home, school, and community. The parents are severely limited in their ability to provide physical access of the child to each other and their personal disagreements have interfered with their efforts to encourage frequent and continuing contact. There is no evidence that each parent does not have the capacity to cooperate in child care. While the parents agree that the child should have the assistance of a neutral counselor, the parents do not seem to be willing to acquire any method for resolving their disputes other than the court.

There is no evidence of any abuse of any kind by either party to the child.

While the plaintiff seeks equity and the defendant seeks stability, the court must concern itself with the realities of the distance between the parties and the interest of the child in having a constructive and positive relationship with her community, her school, and her friends. On the other hand, the child must realize that she is of separated parents and the court must weigh this against the care and guidance of each parent. Accordingly, it is hereby ORDERED:

A. Parental rights and responsibilities for the medical care of the child is allocated to the defendant. In all other respects, the parties shall have shared parental rights and responsibilities of the minor child.

"Shared parental rights and responsibilities" means that most or all aspects of the children's welfare remains the joint responsibility and right of both parents, so that both parents retain equal parental rights and responsibilities and both parents confer and make joint decisions regarding the children's welfare. Matters pertaining to the children's welfare include, but are not limited to, education, religious upbringing, dental and mental health care, travel arrangements, child care arrangements and residence. Parents who share parental rights and responsibilities shall keep one another informed of any major changes affecting the children's welfare and shall consult in advance to the extent practicable on decisions related to the children's welfare.

Both Plaintiff and Defendant shall have equal and unrestricted access to the children's records, including, but not limited to, medical, dental, optical,

4

psychological, and school records, whether or not the children resides with the parent seeking such records and information.

B. Primary physical residence of the minor child is allocated to the defendant. A parent who intends to relocate the residence of the children subject to this order must provide the other parent with prior notice at least 30 days before the intended relocation. If relocation must occur in less than 30 days, the parent who is relocating shall provide notice as soon as possible to the other parent. If the parent who is relocating believes notifying the other parent will cause danger to the parent or the children, the parent shall notify the Superior Court of the intended relocation and the Superior Court shall provide appropriate notice to the other parent in a manner determined to provide safety to the relocating parent and children.

C. Specific rights of contact with the minor child are allocated to the plaintiff as follows:

(1) During the school year, plaintiff shall have the right to visit with the minor child one weekend each month commencing at the end of the school day on Friday and terminating at 5:00 p.m. on Sunday. Unless agreed otherwise by the parties, the weekend will be the first weekend of each month. This visitation will take place in central Maine, free of the supervision of defendant, and, to the extent reasonable, the plaintiff will honor the planned activities of the child.

(2) Plaintiff shall have the right to visit with and be visited by the child for one week during the Christmas school vacation. This week will

alternate so that the child will be with the defendant for Christmas Day on odd-numbered years and with the plaintiff on Christmas Day on even-numbered years.

(3) The plaintiff shall have right to visit with and be visited by the child on alternate February or April school vacations; visitation with the plaintiff during February vacation in even-numbered years and April vacation in odd-numbered years.

(4) The plaintiff shall have the right to visit with and be visited by the child for three weeks commencing the second Sunday of July of each year.

(5) The plaintiff shall have the right to visit with and be visited by the child during Thanksgiving school vacation every other year during odd-numbered years.

(6) For all visitations by the child with plaintiff at his residence, the point of exchange between the parties shall be at the Maine Turnpike rest stop at the southbound lane in Kennebunk, Maine, adjacent to the Kennebunk exit of said turnpike. All school vacation visitations will commence 5:00 p.m. on the last day of school and terminate at 5:00 p.m. on the day prior to the recommencement of school.

(7) Each party will be responsible for their own cost of transportation.

(8) Modification to this schedule may be freely made by the parties provided it is agreed to, in recordable form. Visitation exchanges affected by

6

weather or any other matters beyond the control of either party shall take place immediately upon termination of the condition interfering with the exchange.

D. After consideration of all the evidence, including annual gross income as contemplated by the law, the court is satisfied that the plaintiff has a gross annual income of $70,000 and the defendant has a gross annual income of $31,000 for a total income available to the child of $101,000. Within 15 days of the docketing of this order, the defendant shall file with the court an appropriate child support order of recent date which is incorporated in this judgment by reference. This order is retroactive to September 18, 2000, less support payments made by plaintiff to the defendant heretofore.

E. In addition, plaintiff will change the beneficiary of his $100,000 Knights of Columbus life insurance policy to the child, which designation will not be amended or otherwise changed until plaintiff's obligation of support terminates under this order. The parties will share the claim of the child for tax exemption purposes with the plaintiff claiming the child in all odd-numbered years and the defendant claiming the child in all even-numbered years.

F. For purposes of determining substantial change in circumstances with respect to child support, the plaintiff will provide to the defendant by May 1 of each calendar year an audited business financial report and copy of his U.S. Internal Revenue tax return for the foregoing year.

G. Pursuant to the statute, the parties are cautioned that a violation of this

7

order may result in a finding of contempt and imposition of sanctions, pursuant to 19-A M.R.S.A. § 1653(7), which may include one or more of the following: (1) require additional or more specific terms and conditions consistent with this order; (2) order that additional visitation be provided for a parent to take the place of visitation that was wrongfully denied; and (3) order a parent found in contempt to pay a forfeiture of at least $100.00.

H.     Defendant is now receiving health insurance benefits on behalf of the minor child through her employment. Plaintiff is responsible for 70% of all uncovered medical, dental, psychological and optical costs of the child. Payment will be made by plaintiff within 30 days of receipt from defendant of any appropriate statement. Plaintiff is authorized to receive such statements directly from the health care provider.

I.     Through agreement of the parties, the child has been attending a private school for which plaintiff has been paying $1,400 per year in tuition (less a subsidy of $400 a year). Within 15 days of this order, plaintiff will pay to defendant $1,500 reimbursement for one-half tuition for the last three years. Heretofore, on or before August 15 of each year, plaintiff will pay to defendant $980 or 70% of that year's tuition for St. John School, whichever is higher.

J.     Within 30 days of the date of this order, defendant shall provide to plaintiff the names of three psychologists, experienced in child matters, practicing in the Waterville/Winslow area acceptable to her as a neutral counselor for the child.

8

Within 15 days thereafter, plaintiff will choose one of those psychologists. Defendant will then initiate an evaluation of the child by the psychologist to assist the child in her adjustment to the terms of this divided parental order and, if recommended, an appropriate counseling schedule. Plaintiff is to reimburse defendant for 70% of all costs of said psychologist not covered by her health insurance.

K.     Prior to bench trial, defendant had incurred approximately $5,000 in attorney's fees being paid by her family. The court is not satisfied that plaintiff deliberately violated the discovery process with respect to his financial condition, and is mindful that the reconciliation of accounts in a new professional practice requires something more than routine accounting. However, the court finds that December 31 to June 4 is an unreasonable period of time for providing such information and only doing so under threat of a specific court order. Within 90 days, the plaintiff will pay the defendant $3,500 toward her attorney's fees in this matter.

L.     Pursuant to M.R. Civ. P. 79(a) the clerk shall make the following docket entry:

Judgment rendered; judgment to be incorporated by reference in the civil docket.

Dated: July____18___, 2001

Donald H. Marden
Justice, Superior Court

9

Date Filed __8/11/00__ __Kennebec__ Docket No. __FM00-03__
                              County

Action __Paternity__

# J. MARDEN

| Charles E. Baxter | vs. | Kim Leadbetter |

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| Dana E. Prescott, Esq.<br>37 Beach St., P.O. Box 1190<br>Saco, Maine 04072 | David E. Bernier, Esq. (9/5/00)<br>44 Elm Street<br>P.O. Box 708<br>Waterville, Maine 04903-0708 |

| Date of Entry | |
|---|---|
| 8/15/00 | Complaint for Determination of Paternity and Establishment of Parental Rights and Responsibilities, filed. s/Prescott, Esq. (filed 8/11/00)<br>Case File Notice mailed to atty.<br>Original Summons with return service made upon Kim Leadbetter, filed.<br>Plaintiff's Financial Statement, filed. s/Baxter<br>Child Support Worksheet, filed.<br>Child Support worksheet, filed. s/Baxter<br>Defendant's Acknowledgment of Receipt of Summons and Complaint, filed. |
| 9/5/00 | Defendant's Answer to Complaint for Determination of Paternity and Establishment of Paternal rights and Responsibilities and Counterclaim, filed.<br>s/Leadbetter s/Bernier, Esq.<br>Child Support Affidavit, filed. s/Kim Leadbetter, Esq. |
| 9/8/00 | SCHEDULING ORDER, Marden, J.<br>"Scheduling Order filed. Discovery deadline is December 8, 2000."<br>Copies mailed to attys of record. |
| 9/12/00 | Plaintiff's Motion for Emergency Hearing, filed. s/Prescott, Esq.<br>Proposed Order, filed. |
| 9/18/00 | Objection to Plaintiff's Motion for Emergency Hearing, filed. s/Bernier, Esq.<br>Letter requesting mediation on Friday,September 22 at 11:00 a.m., filed.<br>Bernier, Esq.<br><br>Motion for Child Support, Request for Expedited Hearing & Memorandum of Law, filed. s/Bernier, Esq. (attached exhibit 1,2,3)<br>Proposed Order, filed.<br>Proposed Order on Child Support Pending Final Decree, filed. (attached exhibits A,B)<br><br>Notification of Discovery Service, filed. s/Bernier, Esq.<br>Request for Production of Documents served on Dana E. Prescott, Esq. on 9/13/00 |
| 9/25/00 | Defendant's Financial Statement, filed. s/Bernier, Esq. |

| Date of Entry | Docket No. |
|---|---|
| 11/15/00 | Copy of letter from Atty. Bernier informing the court that mediation has been scheduled for 12/1/00 at 10.00 a.m. |
| 12/1/00 | Court Alternative Dispute Resolution Service Report of Completed Session Domestic Relations, filed. |
| ------- | Letter requesting a hearing or telephone conference concerning discovery, filed. s/Bernier, Esq. |
| 12/7/00 | Plaintiff's Objection to Defendant's Motion for Child Support, filed. s/Prescott, Esq.<br>Notification of Discovery Service, filed. s/Prescott, Esq.<br>Plaintiff's Response to Defendant's Document Request served on David E. Bernier, Esq. on 12/5/00 |
| 1/4/01 | Notification of Discovery Service of Defendant's Interrogatories Propounded to Plaintiff served on Dana Prescott, Esq. on 1/3/01, filed. s/D. Bernier, Esq. |
| 1/8/01 | Notification of Discovery Service of Plaintiff's Interrogatories Propounded to Defendant served on D. Bernier, Esq. on 1/5/01, filed. s/D. Prescott, Esq. |
| 1/29/01 | Notification of Discovery Service, filed. s/Bernier, Esq.<br>Defendant's Answers to Plaintiff's Interrogatories served on Dana E. Prescott, Esq. on 1/26/01 |
| 2/13/01 | ORDER, Marden, J. (dated 2/7/01)<br>(1) Plaintiff will provide income records to defendant in the usual discovery process, including financial records for the year 2000.<br>(2) All documents required shall be produced by February 1, 2001.<br>(3) Discovery deadline is enlarged to March 2, 2001.<br><br>Copies mailed to attys of record. |
| -------- | Motion to Compel and Continuance, filed. s/Bernier, Esq. (filed 2/12/01)<br>Memorandum of Law, filed. s/Bernier, Esq.<br>Proposed Order, filed.. |
| ------- | Notice of setting of motion to compel on 2/21/01 at 8:30 a.m. sent to attys of record. |
| 2/15/01 | Letter from attorney Prescott indicating that he hopes to have complete records by the end of the month. |
| 2/21/01 | IN CHAMBERS CONFERENCE, Marden, J.<br>David Bernier, Esq. present. Court to issue orders.<br><br>MOTION TO CONTINUE, Marden, J.<br>Motion denied.<br><br>ORDER ON MOTION TO COMPEL, Marden, J.<br>1. Defendant's Motion to Compel granted.<br>2. Case removed from February trailing docket.<br>Sanction of $200.00 imposed.<br><br>Copies in hand to atty Bernier and copies mailed to atty Prescott. |
| 4/2/01 | Motion for Sanctions Pursuant to M.R.Civ.P.Rule 37(b), Memorandum of Law; and Order, filed. s/Bernier, Esq. (attached exhibits A,B,C) |

| Date of Entry | Baxter vs. Leadbetter      Docket No. _____ FM00-03 |
|---|---|
| 4/6/01 | Plaintiff's Objection to Defendant's Motion for Sanctions, filed. s/Prescott, Esq.<br><br>Notice of setting of hearing on 5/8/01 at 8:30 a.m. sent to attys of record. |
| 4/27/01 | Notification of Discovery Service, filed. s/Prescott, Esq.<br>Plaintiff's Federal and State Tax Returns for 2000 served on David E. Bernier, Esq. on 4/19/01 |
| 5/7/01 | Notification of Discovery Service, filed. s/Prescott, Esq.<br>Plaintiff's Answers to Defendant's Interrogatories served on David Bernier Esq. on 5/3/01. |
| 5/8/01 | Hearing had on motion for sanctions, Hon. Donald H. Marden, Presiding. (Gould, C.R.)<br>Oral arguments made to the court-Court to issue order and set for trial. |
| 5/8/01 | ORDER, Marden, J.<br>Copies mailed to attys of record. |
| 5/11/01 | Letter from attorney Prescott indicating that payment of $200.00 made to David Bernier has been made pursuant to court order. |
| 5/21/01 | Plaintiff's Response to the Court's Discovery Order, filed. s/Prescott, Esq (attachments) |
| 6/4/01 | Plaintiff's Proposed Findings of Fact and Conclusions of Law, filed. s/Prescott, Esq.<br>Child Support Worksheet, filed.<br>Proposed Parenting Order, filed.<br><br>Child Support Worksheet, filed.<br>Child Support Worksheet, filed. |
| -------- | Hearing had on Child Custody with Hon. Justice Donald Marden, presiding. Dana Prescott, Esq. for the Plaintiff. David Bernier, Esq. for the Defendant Phil Galucki, CR<br>Plaintiff calls Charles Baxter as a witness.<br>Defendant calls Kim Leadbetter as a witness.<br>Plaintiff's Exhibits 1,2,3,4 are marked, offered and admitted without objection.<br>Defendant's exhibits 1 and 2 are marked, offered and admitted without objection.<br>Court to take matter under advisement.<br>Court orders any filings or responses to be filed within 10 days.<br>Court request that Defendant makes suggestion for neutral counselor for child. |
| 6/13/01 | Plaintiff's Supplemental Findings of Fact and Conclusions of Law, filed. s/Prescott, Esq.<br>Affidvit of Dana E. Prescott, Esq., filed.<br>Proposed Supplemental Parenting Order, filed.<br>10 Child Support Worksheets, filed. s/Prescott, Esq. |
| 7/20/01 | DECISION AND ORDER, Marden, J.<br>Judgment rendered; judgment to be incorporated by reference in the civil docket.<br>Copies mailed to attys. of record.<br>Copies mailed to Garbrecht Law Library, Donald Goss andDeborah Firestone. |